# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

|  |  |
|---|---|
| AIRBORNE ATHLETICS, INC., | Case No. 22-CV-696 (NEB/ECW) |
| Plaintiff, | |
| v. | ORDER ON MOTION TO TRANSFER VENUE |
| SHOOT-A-WAY, INC., | |
| Defendant. | |

Airborne Athletics, Inc. brought this suit seeking to partially vacate an arbitration award. Shoot-a-Way, Inc. now moves to transfer venue to the Southern District of Ohio. (ECF No. 26.) For the reasons below, the motion is denied.

## BACKGROUND

### I.    The Parties

Airborne is a Minnesota corporation with its principal place of business in Bloomington, Minnesota. (ECF No. 1 ("Compl.") ¶ 2.) Shoot-A-Way is an Ohio corporation with its principal place of business in Nevada, Ohio. (*Id.* ¶ 3; ECF No. 32 ("Ans.") ¶ 3.)

### II.    The Arbitration Agreement

In February 2013, the parties signed an agreement to settle a patent infringement action. (ECF No. 11-2 ("Agreement") (filed under seal).) The Agreement required "any

claim" arising between the parties within ten years to be mediated, and, if unsuccessful, arbitrated. (*Id.* ¶ 6.) Paragraph 6 of the Agreement provides in relevant part:

> b.      . . . If mediation is not successful, arbitration shall occur under the commercial rules of the American Arbitration Association (AAA), and be administered by the AAA.
> . . .
> d.      Mediation and arbitration shall be conducted in Minneapolis, Minnesota for any claim brought against Shoot-A-Way and shall be conducted in Columbus, Ohio for any claim brought against Airborne Athletics.
> e.      If the Plaintiff in the arbitration is not successful, the Plaintiff shall be liable to the Defendant for attorney fees and costs (including the arbitrator's fees) for having to defend the claim. The Plaintiff will be deemed to be not successful if the arbitration is resolved with a judgment less than the final offer made by the Defendant at the mediation.

(*Id.* ¶ 6.) The Agreement is "governed for all purposes by the laws of the State of Minnesota." (*Id.* ¶ 9.) It does not specify a forum for court proceedings.

### III.   The Arbitration

Under Paragraph 6 of the Agreement, Shoot-A-Way sought to resolve a patent and trademark claim against Airborne first in mediation, and then in an arbitration in Columbus, Ohio. (Compl.; Ans.) The arbitrator issued a final award in December 2021, finding that Airborne had infringed on one of Shoot-A-Way's patents and awarding damages and an injunction, but awarded a lower award than Airborne's offers at mediation. (Compl. ¶¶ 10, 14.) Airborne then requested that the Arbitrator hear its contractual fee-shifting claim (under Agreement Paragraph 6(e)) as part of the arbitration. (*Id.* ¶ 18.) The arbitrator declined to consider Airborne's claim. (*Id.*)

## IV.     This Litigation

Airborne now sues Shoot-A-Way asserting that, in refusing to consider Airborne's fee-shifting claim, the arbitrator exceeded his authority under the Agreement and deprived the parties of a mutual, final, and definite award in violation of Section 10(a)(4) of the Federal Arbitration Act ("FAA"). (*Id.* ¶¶ 21, 23.) Airborne alleges subject matter jurisdiction based on 28 U.S.C. Sections 1331 and 1338 (because the arbitration award turns on the application of federal patent and trademark laws) and Section 1332 (diversity). (*Id.* ¶¶ 4–6.) Shoot-A-Way does not contest subject matter or personal jurisdiction.[1] (Ans. ¶¶ 4–8.) Airborne asks the Court to (1) vacate the arbitrator's refusal to consider Airborne's fee-shifting claim and (2) remand the claim for further arbitration proceedings in Ohio to adjust the arbitration award to account for Airborne's fees, costs, and expenses. (Compl. at 9.) Shoot-A-Way counterclaims for confirmation of the arbitration award under 9 U.S.C. Section 9. (ECF No. 32 at 12–13.)

Before the Court is Shoot-A-Way's motion to transfer venue to the United States District for the Southern District of Ohio. (ECF No. 26.) For the reasons below, the Court denies the motion.

---

[1] Under AAA Commercial Rule 52(c), "[p]arties to an arbitration under these rules shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof."

## ANALYSIS

A district court has broad discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (citation omitted). A court may transfer an action if (1) the transferee court is one where the action "might have been brought," and (2) the convenience of parties and witnesses and the interest of justice favor transfer. 28 U.S.C. § 1404(a). Airborne does not dispute that it could have sued in the Southern District of Ohio, nor can it, since the subject of Airborne's complaint—the arbitration— took place there.[2] *See Certain Underwriters at Lloyd's, London v. Clean Pro Carpet & Upholstery Care, Inc.*, No. 21 CIV. 5591 (AT), 2021 WL 5234494, at *2 (S.D.N.Y. Nov. 9, 2021) ("In the context of petitions to confirm or vacate arbitration awards, the locus of operative facts in an action brought pursuant to the FAA is the site where the arbitration took place.") (cleaned up, citation omitted). The Court thus evaluates whether the convenience of the parties and the interest of justice favor transfer.

There is "a bifurcated system of analysis for forum-based motions to transfer under § 1404(a) depending upon whether a case involved a forum-selection clause." *In re Union Elec. Co.*, 787 F.3d 903, 906 (8th Cir. 2015) (citing *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 62–67 (2013)). If no valid forum-selection clause

---

[2] Airborne states that it "would not object to Ohio as the forum for remand arbitration proceedings." (ECF No. 35 at 18.)

exists, "a traditional, flexible, multi-factored analysis requires consideration of factors such as private and public interests, convenience to parties and witness, and respect for a plaintiff's choice of forum." *Id.* But if a valid forum-selection clause does exist, "many factors are to be treated as conclusively established by the contract." *Id.* For example, "the plaintiff's choice of a different forum is entitled to 'no weight,'" and the private-interest factors "'weigh entirely in favor' of the contractual forum." *Id.* (citing *Atl. Marine Constr.*, 571 U.S. at 63–65). As the U.S. Supreme Court has noted, "[w]hen the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause. Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." *Atl. Marine Constr.*, 571 U.S. at 62.

## I.    Forum Selection Clause

Shoot-A-Way moves to transfer this action to the Southern District of Ohio based on the Agreement's forum selection clause: "*Mediation and arbitration* shall be conducted in Minneapolis, Minnesota for any claim brought against Shoot-A-Way and shall be conducted in Columbus, Ohio for any claim brought against Airborne Athletics."[3]

---

[3] The Agreement is governed by Minnesota law. (Agreement ¶ 9.) Some circuits apply state law to interpret forum-selection clauses, while others apply federal common law. *See Smart Commc'ns Collier Inc. v. Pope Cnty. Sheriff's Off.*, 5 F.4th 895, 897 n.2 (8th Cir. 2021) (collecting cases). The Eighth Circuit has "decline[d] to take a side on the issue of what law applies to the interpretation of a forum-selection clause." *Id.* Since the parties "operate under the assumption that [Minnesota] law controls . . . and neither party argues

(Agreement ¶ 6(d) (emphasis added).) The parties do not dispute that, given the language "shall be conducted," the forum selection clause is mandatory. Airborne argues that the clause does not apply to this action because the clause only applies to "mediation and arbitration" and not judicial proceedings. The Court agrees.

Minnesota law requires that unambiguous contract language be given its plain meaning. *Lamoureux v. MPSC, Inc.*, 849 F.3d 737, 740 (8th Cir. 2017) (citing *Savela v. City of Duluth*, 806 N.W.2d 793, 796–97 (Minn. 2011)). And under the rule of *expressio unius est exclusio alterius*, "the expression of specific things in a contract implies the exclusion of all not expressed." *Id.* (citing *Weber v. Sentry Ins.*, 442 N.W.2d 164, 167 (Minn. Ct. App. 1989)). The forum selection clause specifies meditation and arbitration; it is silent about judicial proceedings.

According to Shoot-A-Way, "the parties' agreement that the entire arbitration shall be conducted in Ohio applies to Airborne's motion to vacate the arbitration award and remand back to Ohio." (ECF No. 38 at 3 (citing 9 U.S.C. § 10); *see* Compl.; ECF No. 1-1 (civil cover sheet specifying "Arbitration" as nature of suit).) And, Shoot-A-Way argues, since this action is part of the arbitration, the forum selection clause applies, and the action should be transferred. Shoot-A-Way cites no caselaw or evidence to support its broad interpretation of the term "arbitration" in the forum selection clause. Without such

---

that the application of one or another body of law would materially affect the outcome," the Court applies Minnesota law to interpret the Agreement. *Id.* (citations omitted).

support, the Court declines to interpret the forum selection clause to include judicial procedures.

Indeed, other courts have distinguished between an arbitration and subsequent proceedings to vacate or modify an arbitration award. In *Cortez Byrd Chips, Inc. v. Bill Harbert Construction Co.*, the U.S. Supreme Court held that the FAA's venue provisions are permissive. 529 U.S. 193 (2000). Noting "the desired flexibility of parties in choosing a site for arbitration," the Court explained:

> The parties may be willing to *arbitrate* in an inconvenient forum, say, for the convenience of the arbitrators, or to get a panel with special knowledge or experience, or as part of some compromise, *but they might well be less willing to pick such a location if any future court proceedings had to be held there*.

*Id.* at 201 (emphasis added). The Court determined that the parties' flexibility could be inhibited by a rule that mandates the "same inconvenient venue if someone later sought to vacate or modify the award." *Id.* In doing so, the Court necessarily distinguished between an arbitration and a judicial proceeding to vacate or modify the arbitration award.[4] *See also Equitas Disability Advocs., LLC v. Daley, Debofsky & Bryant, P.C.*, 177 F. Supp. 3d 197, 210 (D.D.C.) (noting that under the FAA, "parties are free to choose any court with jurisdiction to address *post*-arbitration motions" to vacate and to confirm an

---

[4] And so, contrary to Shoot-A-Way's assertion, Airborne did not concede that this action is part of the arbitration for purposes of the forum selection clause merely because it seeks to vacate the arbitration award.

arbitration award) (emphasis added), *aff'd sub nom. Equitas Disability Advocs., LLC v. Feigenbaum*, 672 F. App'x 13 (D.C. Cir. 2016).

In the Agreement, the parties could have expressly designated that review of an arbitration award will be heard by a court in the same jurisdiction as the arbitration, but they did not. Because the Agreement's forum selection clause does not apply, the Court turns to the traditional factors for determining whether this action should be transferred to the Southern District of Ohio.

## II.     Traditional Transfer of Venue Considerations

Without an applicable forum selection clause, the Court considers the "traditional, flexible, multi-factored analysis" of "private and public interests, convenience to parties and witness, and respect for a plaintiff's choice of forum." *Union Elec.*, 787 F.3d at 906. "To prevail on a motion to transfer, the movant must show that his inconvenience substantially outweighs the inconvenience that plaintiff would suffer if venue were transferred." *Corval Constructors, Inc. v. Tesoro Ref. & Mktg. Co., LLC*, No. 19-CV-01277 (ECT/BRT), 2019 WL 5260483, at *2 (D. Minn. Oct. 17, 2019) (citation omitted). This Court has "much discretion" in deciding motions to transfer venue, *ProMove, Inc. v. Siepman*, 355 F. Supp. 3d 816, 824 (D. Minn. 2019), but should deny transfer "if the factors are evenly balanced or weigh only slightly in favor of transfer." *Graff v. Qwest Commc'ns Corp.*, 33 F. Supp. 2d 1117, 1121 (D. Minn. 1999). Thus, as the movant, Shoot-A-Way bears

the heavy burden of showing that the factors strongly favor transfer. *ProMove*, 355 F. Supp. 3d at 824.

*Plaintiff's choice of forum*. "[T]here is ordinarily a strong presumption in favor of the plaintiff's choice of forum," but that presumption is not unwavering. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981). A plaintiff's choice of forum "is afforded less deference where 'the transaction or underlying facts did not occur in the chosen forum.'" *Lyman v. Gas Gathering Specialists, Inc.*, No. 21-CV-2386 (KMM/ECW), 2022 WL 1639553, at *2 (D. Minn. May 24, 2022) (citing *Nelson v. Soo Line R. Co.*, 58 F. Supp. 2d 1023, 1026 (D. Minn. 1999)). As noted above, when a plaintiff seeks to vacate an arbitration award, the locus of operative facts is the site of the arbitration. *Certain Underwriters at Lloyd's*, 2021 WL 5234494, at *2; *see also Crow Const. Co. v. Jeffrey M. Brown Assocs., Inc.*, No. 01 CIV. 3839 (AGS), 2001 WL 1006721, at *3 (S.D.N.Y. Aug. 31, 2001). Because the arbitration occurred in Ohio, Airborne's choice of forum weighs against transfer but is not given substantial weight.

*Other factors*. The parties gave short shrift to the other factors considered in transferring venue. Shoot-A-Way argues—in a cursory fashion—that this action should be transferred to Ohio because party representatives, witnesses, and documents are in Ohio and would be burdened with travel and accommodation expenses by litigating in Minnesota. Shoot-A-Way fails to provide any information about the relevant documents or potential witnesses, without which the Court cannot "examine the materiality and

importance of the anticipated witnesses' testimony and then determine their accessibility and convenience to the forum." *Graff*, 33 F. Supp. 2d at 1122 (requiring the movant to "clearly specify the essential witnesses to be called and . . . make a general statement of what their testimony will cover") (citations omitted); *see also Corval Constructors*, 2019 WL 5260483, at *4 (finding the location of documents did not favor transfer where the documents were stored and could be transmitted electronically). Moreover, the Court should not transfer venue "if the effect is simply to shift the inconvenience to the party resisting the transfer." *My Pillow, Inc. v. LMP Worldwide, Inc.*, 331 F. Supp. 3d 920, 927 (D. Minn. 2018) (citation omitted). The Court finds that Shoot-A-Way fails to meet its heavy burden to show that the factors strongly favor transferring venue to the Southern District of Ohio.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, the motion to transfer venue (ECF No. 26) is DENIED. The Motion for Summary Judgment and Vacatur of Arbitration Awards before the Court (ECF No. 6) shall no longer remain stayed. Opposition to the motion is due August 11, 2022. The reply memorandum is due August 25, 2022. The Court will contact the parties to schedule a hearing on the motion.

Dated: July 21, 2022

BY THE COURT:

s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge

10